# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIAN VASSAR, ) | |
| ) | |
| Plaintiff, ) | Case No.: 22-cv-218 |
| ) | |
| v. ) | |
| ) | Complaint for violation of Civil Rights |
| CITY OF CHICAGO SERGEANT ) | |
| CORNELIUS BROWN, STAR NO. ) | |
| 2235; OFFICER MUSA AHMAD, STAR ) | **JURY DEMANDED** |
| NO. 9263 and THE CITY OF CHICAGO, ) | |
| ) | |
| Defendants. | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Julian Vassar ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Sergeant Cornelius Brown ("Brown") was employed by City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of City of Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant Officer Musa Ahmad ("Ahmad") was employed by City of Chicago Police Department and was acting under color of state law and as

the employee, agent, or representative of City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, the Defendant City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

7. At all relevant times, Plaintiff was 41 years old and mentally disabled, Plaintiff is mentally disabled in that he survived a gunshot wound to his head that has caused lasting cognitive deficits.

8. Plaintiff's mental disability is apparent upon personal interaction based on his affect, tone, and overall demeanor.

9. On or about January 30, 2020, Plaintiff was lawfully in his home at 7441 S. Ellis Avenue, Apartment 2, Chicago, County of Cook, Illinois.

10. On that day and place, Chicago Police officers including Defendants Brown and Ahmad responded to the residence for a domestic disturbance unrelated to Plaintiff.

11. During the Defendants' presence in Plaintiff's residence, a dispute was being had between Plaintiff's brother and the police. During that dispute, Plaintiff was trying to keep his brother and the police separated.

12. Plaintiff is informed and believes and alleges thereon that during the time that Plaintiff was trying to keep his brother separated from the Defendants, the Defendants made a decision to arrest the Plaintiff.

13. Subsequent to the decision to arrest Plaintiff, Defendant Brown used unnecessary and excessive force on the Plaintiff, including but not limited to punching Plaintiff in his face causing Plaintiff to fall to the ground and bleed from his mouth.

14. Upon information and belief, Defendant Ahmad also punched Plaintiff in his person and/or face.

15. While on the ground, Defendant Brown continued to exert unnecessary, unreasonable, and excessive force against Plaintiff by forcibly standing on Plaintiff's leg.

16. As a result of Defendants' use of force against Plaintiff, Plaintiff suffered injuries including, but not limited to, a laceration to his mouth and face and bruising and swelling to his leg.

17. There was no legal cause for Defendants to use force on Plaintiff.

18. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering in an amount to be ascertained.

19. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST DEFENDANTS BROWN AND AHMAD
## FOR EXCESSIVE FORCE

21. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

22. As described above, subsequent to the decision to arrest the Plaintiff, Defendants used excessive force against Plaintiff's person.

23. There was no legal cause for Defendants to use force on Plaintiff.

24. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

25. The physical violence inflicted upon Plaintiff by Defendants was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF AGAINST DEFENDANT CITY OF CHICAGO FOR *MONELL* LIABILITY

26. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

27. The unconstitutional actions of Defendants, as alleged above, were done pursuant to one or more interrelated de facto policies, practices and/or customs of the Defendant City of Chicago, acting through and by its Police Department, Police Superintendents, Police Board, Mayors, and City Council.

28. These interrelated de facto policies, practices, and customs included, inter alia:

a) The use of unreasonable force against individuals that pose no threat or are only passively resisting, causing individuals great pain and suffering.

b) The failure to properly train, supervise, investigate or discipline CPD officers with regard to the use of force, resulting in Chicago police officers using unreasonable force including closed hand punches as a tool of convenience and/or punishment.

c) The police code of silence, whereby police officers refuse to report or otherwise cover-up instances of police misconduct of which they were aware despite their obligation under the law and police regulations. Said code of silence also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves and/or fellow officers from internal discipline, civil liability, or criminal charges where they and/or their fellow officers have used excessive force.

d) The failure to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, particularly those who were repeatedly accused of abuse and excessive force including, but not limited to, Defendant Brown, who has not been properly or sufficiently disciplined for repeated acts of excessive force.

29. Defendant Brown has at least 67 citizen complaints of misconduct, including at least 30 complaints for excessive force. None of Defendant Brown's 30 citizen complaints for excessive force led to discipline by the City of Chicago.

30. Defendant Brown has also completed approximately 30 Tactical Response Reports indicating he used force against a subject including multiple reports that indicate Brown punched a subject in the face like he did to Plaintiff.

31. Upon information and belief, the City of Chicago never disciplined Defendant Brown for any of the instances of force depicted in Brown's 30 Tactical Response Reports.

32. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged herein on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

33. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

34. The de facto policies, practices and customs set forth above are interrelated and exacerbate the effects of each other. The direct and proximate result was that Defendants Brown and Ahmad, acted as though they could violate the Constitution with impunity.

35. Plaintiffs allege that these customs, policies and practices, described above, were the moving force behind the violations of the Plaintiff's rights. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, the City of Chicago is liable for all the harm done to Plaintiff as set forth above.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

        BY:    s/ Edward M. Fox
                  Edward M. Fox
                  ED FOX & ASSOCIATES, LTD.
                  Attorneys for Plaintiff
                  300 West Adams, Suite 330
                  Chicago, Illinois 60606
                  (312) 345-8877
                  efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/ Edward M. Fox
                  Edward M. Fox
                  ED FOX & ASSOCIATES, LTD.
                  Attorneys for Plaintiff
                  300 West Adams, Suite 330
                  Chicago, Illinois 60606
                  (312) 345-8877
                  efox@efoxlaw.com